*E-Filed 12/15/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLES ANTHONY BROOKS,<br><br>　　　Petitioner,<br><br>　　v.<br><br>SAVAS JAMES LOUKEDIS,<br><br>　　　Respondent. | No. C 14-3797 RS (PR)<br><br>**ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION** |

　　Petitioner seeks federal habeas relief from his state convictions. The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

　　According to the petition, petitioner pleaded *nolo contendere* to various felony offenses in the San Mateo County Superior Court. He does not give the year of conviction, but he states that he was sentenced to three years and eight months in state prison. Petitioner also asserts that he is no longer in custody (neither in jail, nor on parole or probation) serving this term. (Pet. at 2.)

　　The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id.* A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in

custody" for the purposes of this court's subject matter jurisdiction and his petition is therefore properly denied. *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).

The custody requirement does not mandate that a prisoner be physically confined. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). A petitioner who is on parole at the time of filing is considered to be in custody, see *Jones v. Cunningham*, 371 U.S. 236, 241–43 (1963) and *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990), as is a petitioner on probation, *see Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005). Custody is found where the sentence imposed significantly restrains petitioner's liberty, *see, e.g., Dow v. Circuit Court*, 995 F.2d 922, 923 (9th Cir. 1993) (sentence of mandatory attendance to 14 hour alcohol abuse rehabilitation program sufficient to place petitioner in custody), but not where only a fine is imposed, *see Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987) (sentence which only imposes fine not enough to satisfy custody requirement even if petitioner faces imprisonment for failure to pay).

Petitioner admits that he is no longer in custody serving the term imposed in consequence of his criminal convictions. If this is true, this Court lacks jurisdiction over his habeas petition. Accordingly, petitioner is ordered to show cause on or before **February 1, 2015** why the petition should not be dismissed for lack of jurisdiction. If petitioner believes himself to be in custody, he must present specific facts describing such custody.

**No extensions of time will be granted.** If petitioner fails to respond to this order to show cause, the action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Petitioner's application to proceed *in forma pauperis* (Docket No. 3) is GRANTED. The Clerk shall terminate Docket No. 3.

**IT IS SO ORDERED**.

DATED:  December 15, 2014

RICHARD SEEBORG
United States District Judge